IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. SA-09-CV-978-XR |
| | § | |
| CATERPILLAR INC. AND | § | |
| CATERPILLAR LOGISTICS SERVICES | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**CATERPILLAR INC. AND CATERPILLAR LOGISTICS SERVICES, INC.'S
OBJECTIONS TO REPORT AND RECOMMENDATION OF
UNTIED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), Defendants Caterpillar Inc. ("Caterpillar") and Caterpillar Logistics Services, Inc. ("Caterpillar Logistics") file this their Objections to the Report and Recommendation of Untied States Magistrate Judge (the "Report") (Dk. No. 82) and in support thereof would show as follows:

**Objections**

1.   Caterpillar Logistics objects to the Magistrate Judge's findings, conclusions, and recommendations with respect to Defendant Caterpillar Logistics' Motion For Summary Judgment as to Plaintiff's gross negligence claim. (DKT No. 51). In the Report, the Magistrate Judge concludes that since Caterpillar Logistics failed to demonstrate there is a genuine issue of material fact as to whether Caterpillar Logistics owed a duty to Plaintiff, Caterpillar Logistics was also precluded from summary judgment on Plaintiff's gross negligence claim.[1]

---

[1] Docket No. 82 at 42.

2.      As the Magistrate Judge states in the Report, although negligence and gross negligence causes of action are inextricably intertwined, in order to establish a gross negligence cause of action, the party with the burden on proving that cause of action must not only prove the elements of negligence, but also two further elements: (1) viewed objectively from the standpoint of the actor, the act or omission [i.e., harm-causing negligence] must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.[2]

3.      In its Summary Judgment Motion, Caterpillar Logistics demonstrated that there is no evidence that Caterpillar Logistics acted with subjective awareness of a risk with conscious indifference to Plaintiff's rights or welfare.[3]  Assuming Caterpillar Logistics provided a "service" to Holt Cat thereby creating a duty of care, which Caterpillar Logistics denies, Caterpillar Logistics is still entitled to summary judgment as a matter of law on Plaintiff's gross negligence claim because Plaintiff failed to present any competent summary judgment evidence of an "extreme degree of risk" or subjective awareness of that risk.  Further, Plaintiff failed to present any competent summary judgment evidence of Caterpillar's conscious indifference to Plaintiff's rights or welfare.

4.      In the absence of competent summary judgment evidence establishing the elements of his gross negligence cause of action, Plaintiff's gross negligence claim should be denied and Caterpillar Logistics is entitled to summary judgment as a matter of law.

5.      Caterpillar and Caterpillar Logistics further object to the Magistrate Judge's findings, conclusions, and recommendations with respect to Defendant Caterpillar and

---

[2] Id.
[3] Docket No. 51 at 6-7.

Caterpillar Logistics' Joint Motion For Leave to File Designation of a Responsible Third Party. (DKT No. 49). In the Report, the Magistrate Judge concludes that Caterpillar and Caterpillar Logistics failed to demonstrate good cause to amend the scheduling order.[4] Specifically, the Magistrate Judge concluded that Caterpillar and Caterpillar Logistics did not address the "substantial prejudice to plaintiff of allowing amendment to the scheduling order, or the availability of a continuance to cure the prejudice to plaintiff."[5] The identified "substantial prejudice" to Plaintiff would be additional discovery Plaintiff would have to conduct to address the "attribution of blame to Holt Cat," the entity Caterpillar and Caterpillar Logistics moved to designate as a responsible third party.[6] Plaintiff alleges not to have had the opportunity to address the issue in discovery and allowing the third party designation would require re-opening discovery and extending other deadlines that have passed.[7]

6.   As the Court is aware, this case is currently not set for trial, there is no scheduling order in place, and all pending dates and deadlines have been vacated. The parties have deposed several Holt Cat witnesses, including Rudy Robles, Larry Enriquez, and Caleb DeLaCruz. In Mr. Robles' deposition which was taken on September 19, 2011, he clearly articulated the basis for an apportionment of responsibility to Holt Cat for Plaintiff's alleged injuries due to Holt Cat's negligence.[8] Plaintiff had full opportunity to cross examine Mr. Robles on testimony regarding Holt Cat's alleged failure to provide Plaintiff with a safe work environment and its failure to undertake measures to prevent injuries relating to transportation tubs. Any potential prejudice with respect to conducting discovery on Holt Cat's alleged negligence was caused by Plaintiff's failure to cross examine the former Holt Cat employee on those issues. Any

---

[4] Docket No. 82 at 54.
[5] Id.
[6] Id. At 53.
[7] Id.
[8] Id. At 48, Docket No. 49.

additional discovery on the issue would be limited to one additional deposition at the most. That would not require the full re-opening of the discovery period and certainly not impose a "substantial" hardship on Plaintiff.

7.      Moreover, if discovery has been closed and all deadlines passed, and re-opening same would create "substantial prejudice," Dr. Steven Cyr, one of Plaintiff's healthcare providers should not be allowed to testify. As the Court will recall, in response to Caterpillar and Caterpillar Logistics' motion to compel his deposition or strike him, the Court ordered Dr. Cyr to make himself available for deposition before October 28, 2011.[9] Based on Dr. Cyr's limited availability, the parties were not able to depose Dr. Cyr as ordered. Since discovery is now closed and all deadlines passed, Dr. Cyr should not be allowed to testify at trial.

8.      Caterpillar and Caterpillar Logistics did not specifically address the issue of whether a continuance would cure any possible prejudice because the case is not currently set for trial and all pending dates and deadlines have been vacated. Plaintiff alleges that a continuance would not cure any alleged prejudice because all individuals with the most relevant knowledge have already been deposed. If that is indeed true, Plaintiff had equall opportunity to cross-examine those witnesses. Moreover, Plaintiff's argument on this issue flies in the face of his previous argument that allowing the late designation of Holt Cat would cause Plaintiff to conduct additional discovery. Who does he need to depose if all the individuals with the most relevant knowledge have already been deposed? Clearly, a continuance could cure any alleged prejudice by allowing Plaintiff to conduct an additional deposition of a Holt Cat witness.

9.      Lastly, the designation of Holt Cat as a responsible third party would not require Plaintiff to restructure his trial strategy. Plaintiff's entire case is premised on the allegation that Caterpillar and Caterpillar Logistics improperly loaded transportation tubs in violation of Holt

---

[9] Docket No. 59.

Cat's policies. In order to prevail on that theory, regardless of whether Holt Cat is a designated responsible third party, Plaintiffs will still have the burden of proving Caterpillar Logistics was somehow negligent. The designation of Holt Cat as a responsible third party does not change that fact.

    Respectfully submitted,

    BAKER & HOSTETLER LLP

    By  */s/ Gregory C. Ulmer*
        W. Ray Whitman
        State Bar No. 21379000
        Gregory C. Ulmer
        State Bar No. 00794767
        1000 Louisiana, Suite 2000
        Houston, TX 77002
        713.751.1600 Telephone
        713.751.1717 Facsimile
        E-Mail:  RWhitman@bakerlaw.com
                      GUlmer@bakerlaw.com

    Attorneys-in-Charge for Defendants
    CATERPILLAR INC. and
    CATERPILLAR LOGISTICS SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, a true and correct copy of the foregoing document was served on all counsel of record via the court's electronic filing system:

Alejandro Aguirre
Javier Espinoza
The Law Office of Javier Espinoza, P.C.
719 S. Flores, Suite 100
San Antonio, TX 78204

The Honorable Pamela A. Mathy
United States Magistrate Judge

        */s/ Gregory C. Ulmer*_____
        Gregory C. Ulmer