**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOSE MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-978-XR |
| | § | |
| CATERPILLAR, INC. and CATERPILLAR | § | |
| LOGISTICS SERVICES, INC., | § | |
| | § | |
| Defendants, | § | |

## ORDER

On this date, the Court considered the Report and Recommendation of the Magistrate Judge concerning Defendants' Motions for Summary Judgment filed September 30, 2011 (docket nos. 51 and 52) and Defendants' Motion for Leave to Designate Responsible Third Party (docket no. 49), and Defendants' objections thereto.

### Background and Procedural History

This is a personal injury lawsuit before the Court on the basis of diversity jurisdiction. Plaintiff Mendez asserts claims for negligence and gross negligence against Defendants Caterpillar, Inc. and Caterpillar Logistics due to injuries he suffered when manually lifting a delivery of turbochargers received by his employer, Holt Cat. Plaintiff's summary judgment evidence indicates that Mendez worked for Holt Cat from 2000 until the date of his injury on February 8, 2008. Plaintiff was injured when he lifted turbochargers out of a tub. The tub was packaged at the Caterpillar Logistics Regional Distribution Center by Caterpillar Logistics personnel. The Distribution Center had a policy and procedure for packaging and loading items, which included a

1

policy that Caterpillar employees would place items weighing 25 to 50 pounds into tubs, and any items weighing more than 50 pounds were placed onto pallets and tied down. Plaintiff alleges that turbochargers weighing more than 50 pounds were placed into tubs delivered to Holt Cat, and Plaintiff, assuming that the turbochargers weighed less than 50 pounds, was injured when manually lifting the turbochargers out of the tubs. Plaintiff asserts that Defendants are liable for the negligence of their employees, agents, subcontractors, independent contractors, and representatives at the Caterpillar Logistics Regional Distribution Center, who improperly overloaded the tubs.

On September 23, 2011, Defendants filed a Motion for Leave to Designate Responsible Third Party (docket no. 49), seeking to designate Holt Cat as a responsible third party, which Plaintiff opposed on the merits and as untimely. On September 30, 2011, both Defendants filed motions for summary judgment (docket nos. 51 and 52), which are also opposed. The Court referred these motions to Magistrate Judge Mathy on November 7, and she issued a report and recommendation on December 16, 2011. Defendants timely filed their objections on December 30, 2011.

### Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Further, "a judge may also designate a magistrate judge

2

to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)," and the magistrate judge shall file proposed findings and recommendations under subparagraph (B). *Id.* § 636(b)(1)(B), (C). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Similarly, Rule 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." In contrast, pursuant to Rule 72(b), a magistrate judge must issue a recommendation on any pretrial matter dispositive of a claim or defense, and upon objection, the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.

The Magistrate Judge issued a report and recommendation on all referred motions, including the motion for leave to designate a responsible third party. It is not clear whether such a motion is dispositive of a party's claim or defense such that a report and recommendation must be issued. Under section 33.011 of the Texas Practice & Remedies Code, a "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or

unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.  Responsible third parties that are designated are not joined as parties, and "granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person . . . (1) does not by itself impose liability on the person." TEX. CIV. PRAC. & REM. CODE § 33.004(i).  Further, a court's initial grant of a motion for leave to designate a responsible third party does not preclude a party from later challenging the designation – after adequate time for discovery, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *Id.* § 33.004(1).  Thus, granting or denying such a motion would not appear to dispose of any claims or defenses.

However, once the responsible third party is designated for purposes of trial, the defendant may introduce evidence about that party's role in the alleged injury or damages and ask the factfinder to consider that role in allocating fault.  Thus, submission of a responsible third party can directly affect the Plaintiff's recovery and the Defendant's liability.  *See id.* § 33.013 (noting that a liable defendant is liable only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility, but a defendant is jointly and severally liable if the percentage of responsibility attributed to the defendant is greater than 50%).

District courts have treated such motions as both dispositive and nondispositive without analysis of the issue.  *Compare Nationwide Lloyds Ins. Co. v. Norcold, Inc.*, Civ. A. No. A-09-CA-113, 2009 WL 3381523 (W.D. Tex. Oct. 19, 2009) (treating motion as nondispositive motion) *with Flanagan v. Wells Fargo Financial Nat'l Bank*, Civ. A. No. 4:09-CV-44, 2009 WL 2143439 (E.D. Tex. July 14, 2009) (utilizing memorandum and recommendation procedure).  In an abundance of

caution, the Court will apply a *de novo* standard of review.

**Analysis**

**Motions for Summary Judgment (docket nos. 51 and 52)**

As noted, Plaintiff asserts negligence and gross negligence claims against both Defendants. These Defendants filed virtually identical motions for summary judgment, asserting that Plaintiff failed to establish a duty and, even if a duty exists, there was no evidence of conscious indifference to support a gross negligence claim.

Plaintiff filed a response, arguing that, pursuant to § 324A of the Restatement (Second) of Torts,[1] there is a duty under Texas law to third parties when loading items that could foreseeably cause injuries to third parties, and that a breach of a general duty arising from the relationship created by or from the terms of a contract may constitute actionable negligence. Plaintiff further asserted that summary judgment was inappropriate on the gross negligence claim because Defendants were warned that their employees were improperly loading the tubs such that they were aware of the risk and failed to remedy the dangerous improper loading.

In its reply, Caterpillar, Inc. argued that there was no evidence of duty because there was no

---

[1] § 324A. Liability To Third Person For Negligent Performance Of Undertaking provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Thus, to recover under section 324A, a plaintiff must prove (1) that the defendant undertook to provide services for another that the defendant should recognize as necessary for the protection of the person or property of the plaintiff, (2) that the defendant performed its undertaking negligently, and that this negligence was the proximate cause of the plaintiff's injury, and (3) that the situation among the parties exemplifies one of the three subsections of section 324A. *Canipe v. Nat'l Loss Control Serv. Corp.*, 736 F.2d 1055, 1061 (5th Cir. 1984).

evidence that it was involved in packaging items at the distribution center, and thus no evidence that it rendered any service to Holt or otherwise entered into a contract with Holt. In a separate reply, Caterpillar Logistics argued that there was no evidence that it rendered a type of service sufficient to create a duty, and even if there was a duty, summary judgment on the gross negligence claim was appropriate because there is no evidence that Caterpillar Logistics' actions resulted in an "extreme degree of risk" that would give rise to a gross negligence claim.

After making various rulings on the summary judgment evidence, to which no party has objected, Magistrate Judge Mathy concluded that: (1) Caterpillar Logistics' motion for summary judgment on the basis that no duty arose from the business relationship between it and Holt Cat should be denied because Caterpillar Logistics has not shown there is an absence of a genuine issue of material fact as to whether the business relationship between Caterpillar Logistics and Holt Cat placed Caterpillar Logistics under a duty to Plaintiff; (2) Caterpillar Logistics' motion for summary judgment on the basis that no duty arose under § 324A of the Restatement should be denied because it failed to demonstrate the absence of a genuine issue of material fact; (3) Caterpillar, Inc.'s motion for summary judgment on the basis of no duty should be granted because there is no evidence to raise a fact issue that Caterpillar, Inc., as the manufacturer of parts distributed at the distribution center, engaged in "services" to Holt Cat or an "affirmative course of action" sufficient to create a duty, and thus the negligence and gross negligence claims against Caterpillar, Inc. should be dismissed on the merits; and (4) Caterpillar Logistics' motion for summary judgment on the gross negligence claim should be denied because a fact issue exists regarding duty.

Only Caterpillar Logistics filed objections to Magistrate Judge Mathy's recommendations regarding the motions for summary judgment.   Because Plaintiff has not objected to the

6

recommendation to grant summary judgment in favor of Caterpillar, Inc. on the negligence and gross negligence claims, and the recommendation is not clearly erroneous or contrary to law, the Court accepts the recommendation.  Caterpillar Logistics does not object to the recommendation to deny its motion for summary judgment on the negligence claim, and this recommendation, being neither clearly erroneous nor contrary to law, is also accepted.

Caterpillar Logistics did object to Magistrate Judge Mathy's recommendation to deny its motion for summary judgment on the gross negligence claim.  In essence, Judge Mathy concluded that Caterpillar Logistics failed to demonstrate the lack of a fact issue on duty, and this precluded summary judgment on both the negligence and gross negligence claims.  Judge Mathy recognized that gross negligence includes two additional elements beyond those necessary for negligence: (1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.  *Coastal Transp. Co. v. Crown Central Petroleum Corp.*, 136 S.W.3d 227, 231 (Tex. 2004).  Caterpillar Logistics asserts that it demonstrated that there is no evidence to support a finding that it acted with subjective awareness of a risk with conscious indifference to Plaintiff's rights or welfare.  Caterpillar Logistics also contends that it is entitled to summary judgment on the gross negligence claim because Plaintiff failed to present any competent summary judgment evidence of an "extreme degree of risk."

After reviewing the relevant filings, the Court concludes that Caterpillar Logistics' objections to the report and recommendation on this basis have merit, and does not accept the recommendation to deny summary judgment on the basis that a fact issue remains regarding duty.  However, the Court

7

nevertheless accepts the recommendation to deny the motion for summary judgment on other grounds.

Caterpillar Logistics originally moved for summary judgment on the gross negligence claim on the basis that Plaintiff failed to raise a fact issue regarding whether Caterpillar Logistics acted with conscious indifference to Plaintiff's rights, safety, or welfare.[2]  It did not move for summary judgment on the element of "extreme degree of risk."  Plaintiff opposed the summary judgment, relying on the testimony of Edward Hinojos,[4] facility manager for Caterpillar Logistics' Regional Distribution Center at the time of Plaintiff's alleged injury, and arguing that the risk of injury due to lifting heavy items improperly loaded into shipping tubs was known to Caterpillar Logistics.[5] Plaintiff also produced evidence that reports concerning risk of injury due to overloaded shipping tubs were provided to Caterpillar Logistics, relying on a written statement of Rudy Robles, a warehouse supervisor for Holt Cat.[6]  Thus, Plaintiff's position in his response to Caterpillar Logistics' motion was that Caterpillar Logistics' failure to remedy the overloading of shipping tubs, of which it had been informed, constituted "conscious indifference" such that Caterpillar Logistics'

---

[2] *See* docket no. 51 at 2, 6.

[4] As Magistrate Judge Mathy noted, the record inconsistently refers to this witness as Edward Hinojos and Hinojosa, but the Court will use "Hinojos" to be consistent with the Magistrate Judge's order.

[5] Docket no. 71 at 9, and exhibit 3 at 122.

[6] *Id*. at 9, and exhibit 5.  Caterpillar Logistics notes in its reply that it objected to, and moved to strike, the evidence submitted by Plaintiff "stating that concerns about packaging of items had been transmitted by Rudy Robles, and potentially other undisclosed Holt employees, to Caterpillar Logistics."  Docket no. 74 at 7, n.3; *see* docket no. 76 at 2 (motion to strike).  The Magistrate Judge's Report and Recommendation sustained in part and overruled in part the objection, concluding:

> to the extent Mr. Robles knows of prior complaints of overloaded or improperly loaded transportation tubs, the testimony is considered not for the truth of the matter asserted – that the tubs in question in any such past incident were overloaded or improperly loaded – but only that he knows such complaints were made, as the matter affects his own knowledge or understanding.

Docket no. 82 at 22-23.  Neither Defendant objected to the Magistrate Judge's recommendation on the objection.

summary judgment motion should be denied.[7]

In its reply, filed November 4, 2011, Caterpillar Logistics no longer argued that summary judgment was appropriate on the issue of "conscious indifference," but instead argued that "there is no evidence that Caterpillar Logistics' actions resulted in an 'extreme degree of risk' that would give rise to a gross negligence claim."[8]  Extreme risk is a function of both the magnitude and the probability of the anticipated injury to the plaintiff; the "extreme risk" prong is not satisfied by a remote possibility of injury or even a high probability of minor harm, but rather "the likelihood of serious injury" to the plaintiff.  *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994). Determining whether an act or omission involves extreme risk or peril requires an examination of the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight.  *Id.* at 23.

Caterpillar Logistics did not originally move for summary judgment on the "extreme degree of risk" element of gross negligence, and seeking summary judgment on a ground not raised in the motion but instead raised for the first time in a reply brief is impermissible.  *See, e.g.*, *Nearstar, Inc. v. Waggoner*, Civ. A. No. 4:09cv218, 2011 WL 817374, at *4 (E.D. Tex. March 2, 2011); *see also Gillaspy v. Dallas Ind. Sch. Dist.*, No. 06-11204, 278 Fed. App'x 307, 314-15 (5th Cir. May 13, 2008) (stating that "[i]t is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs").  Even if the "extreme degree of risk" element could arguably be said to be subsumed within the conscious indifference element to some degree – insofar as the inquiry for conscious indifference is whether the defendant was subjectively aware of

---

[7]  Docket no. 71 at 9-10.

[8]  Docket no. 74 at 5.

the objective extreme degree of risk – Defendant did not clearly move for summary judgment on this basis sufficient to put Plaintiff on notice and permit summary judgment.[9]  Thus, this argument is waived.

As to the issue of conscious indifference, based on the Court's *de novo* review of the record, the Court concludes that Plaintiff has produced sufficient evidence to defeat summary judgment on this element.  The subjective element of gross negligence requires evidence that Caterpillar Logistics was aware of the peril, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others.  *Coastal Transp.*, 136 S.W.3d at 234.  Plaintiff's evidence is sufficient to raise a fact issue on whether Caterpillar Logistics had actual knowledge of a risk of injury arising from improperly loaded shipping tubs, but still proceeded in conscious indifference to the rights, safety, or welfare of others.[10]

**Motion for Leave to Designate Responsible Third Party (docket no. 49)**

As Magistrate Judge Mathy correctly concluded, whether to grant this motion boils down to whether Defendants have shown good cause for failing to timely file the motion pursuant to the deadline set forth in the Court's scheduling order.  Pursuant to the agreed scheduling order, the deadline for filing motions to designate responsible third parties was August 1, 2011; Plaintiff's deadline for identifying and exchanging expert reports was August 12; and completion of discovery

---

[9] Defendant's reply brief asserts a no-evidence challenge based on the fact that "there is no evidence that any Holt Cat employee had been injured prior to this incident due to Caterpillar Logistics packaging of items, or, if such injury did occur, that Caterpillar Logistics had been notified of the injury."  Summary judgment on a no-evidence motion without notice and an opportunity to respond with evidence is especially inappropriate.

[10] *See Cobb v. Tex. Dept. of Criminal Justice*, 965 S.W.2d 59, 63 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (holding, under previous formulation of gross negligence test, which still required "conscious indifference," that evidence that defendant knew of hazard but did not think it was serious enough to fix created fact issue on gross negligence).

was October 7.[11]  Defendants filed their motion on September 23, 2011.  Defendants assert that there is good cause for the late motion because Plaintiff did not identify Mr. Robles as an expert concerning Holt Cat's policies and procedures until the August 12, 2011 deadline, and Defendants did not depose him in response to that designation until September 19.

Magistrate Judge Mathy applied the relevant factors to the motion to extend the scheduling order deadline, concluding: that Defendants did not provide an adequate explanation for failing to timely move to designate Holt Cat because they were on notice of Robles's testimony well before the deadline; that the amendment of the deadline is important; that prejudice to Plaintiff weighs against allowing the amendment; and that a continuance would not cure the prejudice to Plaintiff of having to restructure his trial strategy at this late stage of the case and of re-opening discovery.

The Court agrees with Magistrate Judge Mathy's conclusions that Defendants have not adequately explained their failure to move to designate Holt Cat before the deadline expired, and that the designation is important.  Defendants do not refute these conclusions.  Rather, in the objections, Defendants take issue with the prejudice and continuance prongs of the analysis.  With regard to prejudice, Magistrate Judge Mathy agreed with Plaintiff that he would be prejudiced by being required to conduct additional discovery to address the attribution of blame to Holt Cat, and that discovery would have to be re-opened accordingly.  Defendants assert that this case is not currently set for trial, and the parties have deposed several Holt Cat witnesses, including Rudy Robles, who was deposed on September 19.  Defendants assert that Robles "clearly articulated the basis for an apportionment of responsibility to Holt Cat for Plaintiff's alleged injuries due to Holt Cat's negligence" and Plaintiff "had full opportunity to cross examine Mr. Robles on testimony regarding

---

[11] Docket no. 45.

Holt Cat's alleged failure to provide Plaintiff with a safe work environment and its failure to undertake measures to prevent injuries relating to transportation tubs." Thus, Defendants contend, "[a]ny potential prejudice with respect to conducting discovery on Holt Cat's alleged negligence was caused by Plaintiff's failure to cross examine the former Holt Cat employee on these issues." Further, Defendants argue, any additional discovery required would be limited to one additional deposition at most, would not require discovery to be fully re-opened, and would not impose a substantial hardship on Plaintiff.[12]

Defendants further assert that they did not specifically address the issue of obtaining a continuance to cure any prejudice because the case is not currently set for trial. Defendants contend that Plaintiff argues that a continuance would not cure any alleged prejudice because all individuals with the most relevant knowledge have already been deposed. But Defendants argue that Plaintiff had equal opportunity to cross-examine those witnesses and that "Plaintiff's argument on this issue flies in the face of his previous argument that allowing the late designation of Holt Cat would cause Plaintiff to conduct additional discovery," arguing "[w]ho does he need to depose if all the individuals with the most relevant knowledge have already been deposed?" Defendants assert that "a continuance could cure any alleged prejudice by allowing Plaintiff to conduct an additional deposition of a Holt Cat witness." Defendants further argue that designating Holt Cat would not require Plaintiff to restructure his trial strategy because his entire case "is premised on the allegation that Caterpillar and Caterpillar Logistics improperly loaded transportation tubs in violation of Holt Cat's policies" and "regardless of whether Holt Cat is a designated responsible third party, Plaintiff will still have the burden of proving Caterpillar Logistics was somehow negligent."

---

[12] Defendants offer no support for these conclusory assertions.

The Court finds Defendants' arguments unconvincing.  Defendants argue that Plaintiff could have cross-examined the Holt Cat witnesses, but they overlook the fact that, at the time of those depositions, Defendants had not yet sought to designate Holt Cat as a responsible third party.  Holt Cat is not a party (and presumably cannot be a party), and thus Plaintiff had no reason to question Holt Cat witnesses about Holt Cat's alleged contribution to Plaintiff's injury at the time of the depositions.[13]  Plaintiff's argument is that, if Holt Cat is now designated as a responsible third party such that its conduct and responsibility for Plaintiff's injuries is directly at issue, discovery will have to be re-opened and Holt Cat witnesses will have to be redeposed, adding further delay and expense.  This argument is well taken.[14]

In addition, the designation of Holt Cat may very well affect Plaintiff's trial strategy. Although Defendants correctly assert that Plaintiff must show that Defendants were negligent regardless of whether Holt Cat is designated, a central premise of Plaintiff's negligence claim is that Defendants knew that loading the tubs in excess of 50 pounds posed a risk to Holt Cat employees, and that Holt Cat informed Defendants of this fact.  If Holt Cat's proportionate responsibility is submitted to the jury, Plaintiff will be placed in the position of choosing whether to emphasize this fact to prove his case against Defendants, given that Defendants would argue that, if Holt Cat knew of the danger of overloaded tubs, it should have taken steps to prevent the resulting injury to its

---

[13] Defendants contend that "Plaintiff had full opportunity to cross examine Mr. Robles on testimony regarding Holt Cat's alleged failure to provide Plaintiff with a safe work environment and its failure to undertake measures to prevent injuries relating to transportation tubs."  But Robles was deposed on September 19, well after the August 1 deadline for filing motions to designate third parties had passed, and before Defendants filed their untimely motion to designate Holt Cat.  Thus, Plaintiff would not have been on notice of any reason to so cross-examine Mr. Robles.

[14] Defendants' arguments regarding the deposition of Dr. St. Cyr are not well taken.  Re-opening discovery to re-depose witnesses because of an untimely designation of Holt Cat as a responsible third party is not the same as re-opening to discovery to depose a new witness who could not previously be deposed due to that witness's unavailability.

employee.  Further, Plaintiff will have to take on the additional burden of demonstrating that Holt

Cat was not responsible for and did not contribute to Plaintiff's injuries, including possibly hiring

an expert witness.  Essentially defending Holt Cat could cause other unforeseen conflicts with

Plaintiff's trial strategy concerning his claims against Defendants, at a time when discovery is closed

and it may be too late to change strategies.  Thus, designating Holt Cat at this late stage could have

a significant negative impact on Plaintiff's trial strategy.

Although Defendants are correct that there is currently no trial setting, disposition of the

remaining motions for summary judgment via this Order means that the case is now ready for trial.

Thus, re-opening discovery, even for one deposition, would prejudice Plaintiff by delaying trial and

resulting in extra cost.  Allowing the late designation and re-opening discovery would prejudice

Plaintiff via delay, increased costs, and effects on trial strategy in a way that continuance would not

cure.

Accordingly, the Court accepts Magistrate Judge Mathy's recommendation to deny

Defendants' motion for leave to designate responsible third party as untimely.

**Conclusion**

The recommendations of the Magistrate Judge are ACCEPTED.

Defendants' Motion for Leave to Designate Responsible Third Party (docket no. 49) is

DENIED as untimely and leave to extend the deadline is denied.

Defendant Caterpillar, Inc.'s Motion for Summary Judgment (docket no. 51) is GRANTED,

and the negligence and gross negligence claims against Defendant Caterpillar, Inc. are DISMISSED

WITH PREJUDICE.  No claims remain pending against Caterpillar, Inc.

Defendant Caterpillar Logistics' Motion for Summary Judgment (docket no. 52) is DENIED.

14

Plaintiff and Defendant Caterpillar Logistics shall confer with each other and with the Courtroom Deputy to schedule an appropriate trial date for the remaining claims.  They shall then submit an agreed proposed scheduling order with deadlines for motions in limine, the filing of a joint pretrial order, pretrial conference, and trial.

It is so ORDERED.

SIGNED this 11th day of January, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE